GREEN, Judge,
delivered the opinion of the court:
The plaintiff was an enlisted man in the Air Corps of the United States Army. Part of his duties was to make inspections at Air Corps Stations throughout the United States and when not so engaged he performed duty in the office of the Chief of the Air Corps in the Munitions Building at Washington, D. C. His official station was at Bolling Field, and by reason thereof he was entitled to his meals at that station when on duty in Washington. The findings, however, show that when he was performing duty at the Munitions Building it was practically impossible for him to get his meals at Bolling Field on account of the distance between that field and the place where he was assigned for duty. So far as lunch was concerned, he might as well have been directed to get it at Baltimore. The chief of his section refused him permission to mess at Bolling Field and his commanding officer authorized him to mess away from that station.
The defendant contends that under the law the plaintiff was entitled only to meals at Bolling Field, and in effect that if the duties which he was ordered to perform prevented his getting meals there that was his misfortune. With this we do not agree. Plaintiff was entitled to meals; and if the duties which he was ordered to perform were such as to prevent him from taking meals at the station to which he was assigned, we think he is entitled to recover what he has lost by reason of the situation in which he was placed. His right to take meals at Bolling Field was valueless when he was ordered to perform duties which made it impossible for him to be fed there. In fact his situation for all practical purposes was the same as if there had been no provision whatever for his meals.
Section 11 of the Act of June 10, 1922, provides in substance that where an enlisted man is not furnished quarters or rations in kind there shall be granted under such regulations as the President may prescribe an allowance for quarters and subsistence, and by executive order the President *218 fixed the amount of the allowance. There seems to be no controversy over the rental allowance and we think his right to recover is otherwise sustained by the law and the executive order.
Briggs, Exec., v. United States, 75 C. Cls. 627, cited by defendant is not in point. In that case there was nothing to prevent the soldier from obtaining his meals at the post where he was stationed, but he preferred to eat at home with his wife.
The commissioner of this court has found that if the plaintiff is entitled to recover, the amount due him is $556.62, for which judgment will be rendered in his favor.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.